*993 On June 27, 1975 the court issued the following order:
Before Nichols, Judge, Presiding, Kashiwa and Kunzig, Judges.
“This case comes before this court on plaintiff’s motion for summary judgment and defendant’s cross motion for summary judgment. We find that the material facts are not in dispute. The question involved here is whether the escrow funds which plaintiff and the plaintiff’s independent mortgage loan correspondents maintained in segregated bank accounts on behalf of plaintiff for the sole purpose of making payments of the mortgagor’s taxes, fire and other hazard insurance premiums, and FHA insurance premiums are assets ‘of the company’ or ‘of the life insurance company’ within the meaning of Section 805 (b) (4) of the Internal Revenue Code of 1954 and the Regulations. The plaintiff maintains that these escrow funds are not assets ‘of the company.’ The defendant maintains that these escrow funds are plaintiff’s assets ‘of the company.’
“The question has been decided against the Government in the following cases: Franklin Life Insurance Co. v. United States, 67-2 USTC ¶9515, 19 AFTR 2d 1734 (S.D. Ill. 1967), the Government did not appeal the mortgage escrow funds as assets issue; Jefferson Standard Life Insurance Co. v. United States, 272 F. Supp. 97 (M.D.N.C. 1967), aff'd and rev'd, 408 F. 2d 842 (4th Cir.) cert. denied, 396 U.S. 828 (1969), the Government again did not appeal the escrow funds issue; Liberty National Life Insurance Co. v. United States, 463 F. 2d 1027 (5th Cir. 1972), the Government appealed the issue here but lost; Bankers Union Life Insurance Co., 62 T. C. 661 (1974). In each of the four oases above mentioned, the court has concluded that mortgage escrow funds which are held in behalf of the mortgages do not constitute assets of the life insurance company for purposes of Section 805(b) (4) above mentioned. We are in accord with the views expressed in said decisions.
“The various reasons defendant claims as new grounds not presented in the four cases above mentioned are tenuous. The benefit referred to in the Liberty National and Bankers *994 Union cases which could result in an asset determination was the freeing up of other assets for investment, not the alleged benefits referred to by the defendant in the instant case. The benefit of a smaller servicing fee by mortgage loan correspondents is speculative and if existing, not sufficient reason to hold the escrow funds to 'be assets. The FHA mortgage insurance premium matter was involved in Jefferson Standard Life Insurance Co. v. United States, supra at 119-20. We are not persuaded by defendant’s new reasons.
“We hold in favor of the plaintiff and allow its motion for summary judgment on the grounds that plaintiff’s “assets” as defined in Section 805 (b) (4) aforesaid are properly computed without including any of the special escrow funds deposited with the plaintiff or with plaintiff’s mortgage loan correspondents by mortgagors for the payment of their taxes, fire and other hazard insurance premiums, and FHA insurance premiums. Defendant’s motion for summary judgment is denied.”
On February 6,1976 the court issued an order, in response to plaintiff’s motion for amendment of the judgment entered in the above order, vacating the said judgment in the amounts stated, and substituting the following:
“it is eurther ordered that judgment be and the same is hereby entered for plaintiff in the sum of $110,344 as refund of taxes and $49,086 as refund of assessed interest, together with statutory interest thereon, broken down for the years involved as follows:

Year Refund of taxes Refund of Assessed Interest Total Refund

$26, 007 $12, 976 $38, 983 oi GO
27, 015 12, 669 39, 684 cji O
57, 322 23, 441 80, 763 a O
$110, 344 $49, 086 $159, 430
“it is eurther ordered that plaintiff’s attorney shall return to the Clerk of this court the transcript of judgment entered June 27, 1975, before a transcript of judgment for plaintiff shall be issued on this order.”